IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| PHILLIP BRANHAM, | CIVIL ACTION NO.: 2:11-1543-SB-BM |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| MANAGEMENT ANALYSIS AND UTILIZATION, INC. d/b/a MAU WORKFORCE SOLUTIONS, KONTANE, INC. and KONTANE LOGISTICS, INC., | |
| Defendants. | |

This action has been filed by the Plaintiff asserting a claim of discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12117, et seq. Plaintiff also asserts a state law claim for breach of contract. The Defendants Kontane, Inc. and Kontane Logistics, Inc. (hereinafter "Kontane Defendants") filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on December 5, 2011, asserting that they are entitled to dismissal as party Defendants in this case because they are not "employers" within the meaning of the ADA, that Plaintiff failed to file suit against them within ninety (90) days of receipt of his right to sue letter, and that in any event Plaintiff's state law claim for breach of contract fails as a matter of law.

1



Plaintiff filed a memorandum in opposition to the Defendants' motion on December 22, 2011, following which the Kontane Defendants filed a reply memorandum on January 3, 2012. The Kontane Defendants' motion is now before the Court for disposition.[1]

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Here, Plaintiff alleges in his amended complaint that the Defendant Management Analysis and Utilization, Inc. d/b/a Workforce Solutions (hereinafter "Defendant MAU") is a foreign corporation incorporated in the state of Georgia and doing business in the state of South Carolina; the Defendant Kontane, Inc. is a foreign corporation incorporated in the state of North Carolina and doing business in the state of South Carolina; and the Defendant Kontane Logistics, Inc. is a South Carolina corporation doing business in the state of South Carolina. Plaintiff alleges that he began working for "the Defendants" on or about May 26, 2009. Plaintiff further alleges that he has an injury to his right lower extremity that has permanently affected his ability to complete certain activities, and that on or about May 29, 2009 he informed his "lead superior" with the Defendant MAU about his disability and that his physician believed his disability would not affect his ability to work. Plaintiff alleges that,

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Kontane Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



thereafter, on or about June 5, 2009, he received a phone call from "the Defendants" informing him that his contract had been terminated due to his conversation regarding his disability. In his First Cause of Action, Plaintiff alleges that his termination and loss of employee benefits was a result of his disability in violation of the ADA.[2] In his Second Cause of Action, Plaintiff alleges that "the Defendants and Plaintiff entered into a contract whereby it agreed to employ the Plaintiff", and that his wrongful termination was a breach of his employment contract. Plaintiff seeks monetary damages and/or injunctive or declaratory relief. <u>See</u> <u>generally</u>, Amended Complaint.

### **First Cause of Action**

With respect to Plaintiff's First Cause of Action asserting a claim under the ADA, the Kontane Defendants argue that Plaintiff failed to file suit against them within ninety (90) days of receipt of the Right to Sue letter issued by the Equal Employment Opportunity Commission (EEOC), entitling them to dismissal as party defendants.

By statute, a civil action under the ADA must be filed within ninety days of the date of receipt by a claimant of a duly issued notice of Right to Sue from the EEOC; 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e) 42 U.S.C. § 12117(a); <u>see</u> <u>also</u> <u>Davis v. Commonwealth Univ.</u>, 180 F.3d 626, 628 n. 3 (4th Cir. 1999)["Before bringing a civil suit for an ADA violation, the aggrieved party must file a charge with the EEOC . . . . upon [receipt of] a right to sue letter, the

---

[2]Although Plaintiff's First Cause of Action is styled as "violation of Americans with Disabilities Act", in the body of this cause of action Plaintiff also mentions the South Carolina Human Rights Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, <u>et</u> <u>seq</u>., and South Carolina Code Annotated § 43-33-350. However, it does not appear that Plaintiff has intended to assert any claim with respect to these other cited statutes in his First Cause of Action.

3



aggrieved party [then] has 90 days to file suit."] (internal citations omitted); Brown v. South Carolina School for Deaf and Blind, No. 11-1111, 2011 WL 5110133 at * 1 (D.S.C. Oct. 26, 2011)["Claims brought under the ADA must be administratively exhausted in the same manner as those claims brought under Title VII prior to the filing of an action in federal court."]; Coleman v. Talbot County Detention Center, 242 Fed. Appx. 72, at ** 1 (4th Cir. July 12, 2007); Aziz v. Orbital Scis. Corp., No. 98-1281, 1998 WL 736469, at *1 (4th Cir. October 19, 1998) ["Title VII . . . allow[s] an aggrieved party ninety days after receipt of a right-to-sue letter from the EEOC to file a civil action"]; and if not filed within this time period, the lawsuit is generally deemed to be untimely and the individual is barred from pursuing their claim. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-150 (1984), reh'g denied, 467 U.S. 1231 (1984); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987); Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37-38 (2d Cir. 2011)[ADA case dismissed as untimely where Plaintiff initiated suit within 90 days of receipt of right-to-sue letter by counsel, but it was 93 days after Plaintiff received right-to-sue letter]. Plaintiff alleges in his Amended Complaint that he received the Notice of Right to Sue from the EEOC on or about April 19, 2011. Therefore, this action had to have been filed by no later than July 18, 2011 to be timely under the statute.

Plaintiff filed his Complaint on June 24, 2011; therefore, Plaintiff timely filed this lawsuit within the ninety day period required by statute. However, when Plaintiff filed this lawsuit, the listed Defendants were MAU and Behr Heat Transfer Systems, Inc. See Court Docket No. 1. The Kontane Defendants were not named in the original Complaint. Plaintiff filed an Amended Complaint a few days later, still naming the same Defendants; see Court

4



Docket No. 5; but on July 18, 2011, Plaintiff filed a stipulation of dismissal with respect to Behr Heat Transfer Systems, Inc. See Court Docket No. 6. It was not until September 21, 2011, well after the ninety day filing deadline, that Plaintiff filed a motion to amend his Complaint to add the Kontane Defendants. See Court Docket No. 20. That motion was denied for improper filing, with an amended motion to amend being filed on September 22, 2011. See Court Docket No. 22. That motion was granted on October 19, 2011, and the Kontane Defendants were added as party Defendants in this case on that date. See Court Docket No. 23 and 25.

That, of course, was well after the ninety day filing deadline, and the Kontane Defendants therefore argue that they are entitled to dismissal as defendants. However, the undersigned does not find that the arguments and exhibits[3] provided to this Court entitle the Kontane Defendants to dismissal at this time. First, it is undisputed that Plaintiff timely filed his Complaint within the necessary ninety day time period. Plaintiff argues in his response to the Defendants' motion that Behr Heat was originally named as a Defendant because "it was listed as the employer in the Plaintiff's Employee Orientation Packet, and in the reasonable belief that it had substantial identity with 'Kontane Behr', which is not listed as a separate entity in the

---

[3]Although normally matters outside the pleading are not considered in determining a Rule 12 motion to dismiss, documents relating to a 12(b)(1) motion including matters of public record and/or documents integral to and explicitly relied on in the Complaint may be considered without converting the motion to a Rule 56 motion for summary judgment. Mims v. Kemp, 516 F.2d 21, 23 (4th Cir. 1975); E. I. Du Pont de Nemours and Co. v. Kolon Industries, Inc., 637 F.3d 435, 448 (4th Cir. 2011);Philips v. Pitt Co. Memorial Hospital, 572 F.3d 175, 180 (4th Cir. 2009); Smith v. School District of Greenville County, 324 F.Supp.2d 786, 789 (D.S.C. 2004)["The Court's consideration of materials outside the pleadings, such as affidavits, depositions, or live testimony, does not convert the Rule 12(b)(1) motion into a motion for summary judgment"]; Oliver v. Gallagher, No. 05-1558, 2006 WL 517640, at * 3 (N.D.Ohio Mar. 2, 2006)[Court may take judicial notice of agency filings and decisions without converting Defendant's 12(b)(6) motion into one for summary judgment]. The exhibits provided to the Court fall within this class of documents.

5



South Carolina Secretary of State business filings"; Plaintiff's Brief, p. 3; and a review of Plaintiff's administrative charge confirms that Plaintiff listed MAU and "Kontane-Behr" as Plaintiff's employers. See Exhibit, Court Docket No. 31-3. While it is unclear how the decision was made to list Behr Heat as one of the named Defendants in the original Complaint, Plaintiff dismissed Behr Heat as a Defendant upon being notified that it was not a proper party Defendant. See Court Docket No. 6 [Stipulation of Dismissal]. Plaintiff then moved to amend his complaint to add the Kontane Defendants "based on discovery of information relating to the employment of the Plaintiff", and while the Defendants did not consent to that motion, they also did not file any opposition. See Court Docket No. 22 [Plaintiff's Motion to Amend Complaint].

In sum, it is undisputed that the Complaint was timely filed, and Rule 15(c)(3), Fed.R.Civ.P, allows amendment of the pleadings in order to include a new party where the Plaintiff mistakenly names the wrong party. Williams v. Doyle, 494 F.Supp.2d 1019, 1029-1030 (W.D.Wis. 2007). Further, there is no evidence before the Court to show that the Plaintiff knew that he was naming the wrong party when he filed his original Complaint, and under such circumstances the amendment is allowed to relate back to the filing of the original Complaint for purposes of the 90 day filing requirement.. Id., see also Anzaldua v. Chicago Transit Authority, No. 02-2902, 2002 WL 31056691, at * 4 (N.D.Ill. Sept. 13, 2002); cf. Delaughter v. G. I. Associates and Endoscopy Center, No. 09-568, 2010 WL 1329018, at * 1-2 (S.D.Miss. Mar. 30, 2010). Therefore, the Kontane Defendants' timeliness argument is without merit.[4]

---

[4] The Defendant Katane Logistics, Inc.'s additional argument (set forth in Footnote 5 of the Defendants' original brief) that it should also be dismissed because Plaintiff did not include its correct corporate name in his EEOC filing is also without merit. A Plaintiff satisfies the jurisdictional requirements of Title VII "where the party named in the complaint is for all practical

Finally, the Kontane Defendants also argue that they were not Plaintiff's "employer" within the meaning of the ADA. The Kontane Defendants contend that Plaintiff was employed with Kontane through a customer service agreement with MAU, a temporary employment agency, and that a company using a staffing or temporary employment agency is not an "employer" for statutory federal employment discrimination purposes. However, the Kontane Defendants are also not entitled to dismissal at this time based on this argument. Plaintiff alleges in his Amended Complaint that he was employed by the "Defendants", which includes the Kontane Defendants. The argument the Kontane Defendants make with regard to their oversight responsibilities under a customer service agreement is a *defense* to Plaintiff's allegation that they were Plaintiff's employer for purposes of an ADA lawsuit. Further, while the Defendants cite two cases to support their argument that a staffing or temporary employment agency is not an employer for statutory federal employment discrimination purposes, both of

---

purposes the same as the party named in the EEOC charge." Londeree v. Crutchfield Corp., 68 F.Supp. 2d 718, 724 (W.D.Va. 1999), affd, 210 F.3d 361 (4th Cir. 2000). Here, the administrative charge lists "Kontane" as the named party, along with "Behr", and notices were mailed. Hence, although inartfully labeled, the naming and notice requirements have been met in this case, at least for purposes of a Rule 12 motion. Kramer v. Windsor Park Nursing Home, Inc., 943 F.Supp. 844, 850 (S.D.Ohio 1996)[Noting that the jurisdictional requirements of Title VII should be liberally construed in favor of complainants, and that since "EEOC charges are often filed without the assistance of counsel, insisting on 'procedural exactness in stating the charge' would frustrate the remedial goals of Title VII"], case abrogated on other grounds by Wathen v. General Electric Co., 115 F.3d 400 (6th Cir. 1997); see also Londeree, 68 F.Supp. 2d at 725 [noting that inference that a defendant can anticipate being sued "is particularly strong where the parties are specifically named or referred to in the particulars of the charge"]; cf. Wrenn v. McFadden, et al., No. 85-1664, 1988 WL 92861 (4th Cir. Sept. 6, 1988)[Defendant clearly identified in narrative of EEOC charge, and who has shown no prejudice from failure to be named as a respondent, not entitled to dismissal of EEOC claim]; Lasher v. Day & Zimmerman International, Inc., No. 06-1681, 2008 WL 2705045, at * 5 (D.S.C. July 9, 2008)[Where Plaintiff's charge led to the investigation of the defendant's conduct, charges not subject to dismissal due to failure to name individual in charge].



those cases decided this issue on Rule 56 motions for summary judgment, after evidence had been submitted. See, e.g., Allen v. Tyco Electronics Corp., 294 F.Supp.2d 768 (M.D.N.C. 2003); West v. MCI Worldcomm, Inc., 205 F.Supp.2d 531 (E.D.Va. 2002). Similarly, before the Court here can decide this issue, the Court would need evidence with respect to the means and manner of the Plaintiff's work, the Plaintiff's understanding of his work responsibilities, and other such issues, matters which cannot be determined at this stage of the proceedings under a Rule 12 motion. Cf. Allen, 294 F.Supp.2d at 774; West, 205 F.Supp.2d at 540-541.

Therefore, while the Kontane Defendants may ultimately be able to prevail on a Rule 56 motion for summary judgment with respect to this issue, dismissal on this basis at this time would be premature. Francis, et al, v. Giacomelli, No. 08-1908, (4th Cir. Dec 2, 2009)[Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief]; Iqbal, 129 S.Ct. at 1949 [Rule 12 motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "in its face"]; Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988).

### Second Cause of Action

The Kontane Defendants argue that Plaintiff's Second Cause of Action for Breach of Contract is subject to dismissal because Plaintiff has failed to set forth sufficient facts to

8



establish the existence of an employment contract, given that South Carolina is an "at-will" employment state. See Defendants' Reply Brief, p. 3. Plaintiff argues that he has set forth sufficient allegations to state a breach of contract claim. However, after careful review and consideration of Plaintiff's allegations under the applicable standard, the undersigned is constrained to agree with the Kontane Defendants that the Plaintiff has not set forth sufficient factual allegations to establish a plausible claim for breach of contract.

The necessary elements of a contract are an offer, acceptance, and valuable consideration. Roberts v. Gaskins, 486 S.E.2d 771, 773 (S.C. 1997), citing Carolina Amusement Co., Inc. v. Connecticut Nat'l Life Ins., Co., 437 S.E.2d 122 (S.C. Ct. App. 1993). With respect to employment, however, there is a presumption in South Carolina that employees are at-will, and in order to survive a Rule 12 Motion to Dismiss on a claim for breach of a contract of employment, a Plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . ." Amason v. P. K. Management, LLC, No. 10-1752, 2011 WL 1100169, at * 6 (D.S.C. Mar. 23, 2011); see also Prescott v. Farmer's Tel. Co-Op., Inc., 516 S.E.2d 923, 927, n. 8 (S.C. 1999)[In South Carolina, "there is a presumption of at-will employment']. Here, Plaintiff has only alleged in very general and conclusory terms that he and the Defendants "entered into a contract whereby [Defendants] agreed to employ the Plaintiff", which the Defendants then breached. Amended Complaint, ¶ ¶ 29-30. However, no factual allegations concerning how an employment contract was created are provided. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a



complaint for failure to state a proper claim.]; Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"].

In his response memorandum, Plaintiff argues that "[c]ourts have concluded that under certain circumstances, an employer's handbook or policy manual can be treated as a contract, displacing employment at-will and permitting employees to sue for breach of contract." Plaintiff's Memorandum, p. 5. However, while Plaintiff is correct that an employer can alter an employee's at-will status through mandatory language in a handbook or other documents; cf. Grant v. Mount Vernon Mills, Inc., 634 S.E.2d 15, 20 (S.C.Ct.App. 2006); Plaintiff has set forth no such claim in the allegations of his Complaint. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]. Rather, "Plaintiff's Complaint merely sets forth labels and conclusions, and a formulaic recitation of the elements of a cause of action, which the Supreme Court has made clear will no longer suffice." Amason, 2011 WL 1100169, at * 6; see also Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)[To survive a motion to dismiss, Plaintiff's grounds for entitlement to relief must contain "more than labels and conclusions"].

In sum, since Plaintiff has failed to plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship, the Kontane Defendants are entitled to dismissal of this cause of action, in toto.[5] Amason, 2011 WL 1100169, at * 6; cf.

---

[5]In other words, Plaintiff's Second Cause of Action will be dismissed completely, including as asserted against the Defendant MAU.



Williams v. Intier Automotive Interiors of America, Inc., No. 09-1144, 2010 WL 5811848 (D.S.C. Nov. 5 2010); see also Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]; Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"].

## Conclusion

Based on the foregoing, it is recommended that, with respect to Plaintiff's First Cause of Action, the Defendants' motion to dismiss be **denied**. With respect to Plaintiff's Second Cause of Action, however, it is recommended that the Defendants' motion be **granted,** and that this Cause of Action be **dismissed** from the Complaint, in toto, without prejudice.[6] If the Court adopts these recommendations, the only remaining claim in this case will be Plaintiff's First Cause of Action for violation of the ADA against all of the named Defendants.

---

[6]This will allow Plaintiff to file a motion to amend his complaint if the evidence obtained during discovery is sufficient to support a Breach of Contract claim.

11



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 16, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

