IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Phillip Branham, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:11-1543-SB |
| v. ) | |
| ) | |
| Management Analysis and Utilization, ) | |
| Inc. d/b/a MAU Workforce Solutions, ) | **ORDER** |
| Kontane, Inc., and Kontane Logistics, ) | |
| Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon the Plaintiff's complaint asserting a claim of discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117 et seq. The Plaintiff's complaint also asserts a state law claim for breach of contract. By local rule, this matter was referred to a United States Magistrate Judge for preliminary determinations.

On December 5, 2011, the Defendants filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, asserting (1) that they are not "employers" within the meaning of the ADA; that the Plaintiff failed to file suit within ninety days of receiving his right to sue letter; and that, in any event, the Plaintiff's state law claim for breach of contract fails as a matter of law. The Plaintiff filed a memorandum in opposition to the Defendants' motion, and the Defendants filed a reply memorandum.

On March 16, 2012, the Magistrate Judge issued a report and recommendation ("R&R"), recommending that the Court deny the Defendants' motion with respect to the Plaintiff's first cause of action, but that the Court grant the Defendants' motion with respect

to the Plaintiff's second cause of action (and dismiss the second cause of action in toto without prejudice. Attached to the R&R was a notice advising the parties that they may file specific, written objections to the R&R within fourteen days after being served with a copy. To date, no written objections have been filed.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a de novo or any other standard, a Magistrate Judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985); Wells v. Shriner's Hosp., 109 F.3d 198, 201 (4th Cir. 1997). Here, because no objections have been filed, the Court need not conduct a de novo review of any portion of the R&R.

Accordingly, after consideration of the Magistrate Judge's findings and recommendations, the Court hereby adopts the R&R (Entry 50), and it is

**ORDERED** that the Defendants' motion to dismiss (Entry 31) is denied with respect to the Plaintiff's first cause of action but is granted with respect to the Plaintiff's second cause of action. Thus, the only remaining claim in this case is the Plaintiff's first cause of action for violation of the ADA against all named Defendants.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

April ____, 2012
Charleston, South Carolina

2